UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thom Marrett, III, ) | C/A 7:07-4018-GRA-BHH |
| ) | |
| Plaintiff, ) | |
| ) | Report and Recommendation |
| vs. ) | |
| ) | |
| David Ades; Gene Baker; Carla Ballou; ) | |
| Delaine Childress; Caroline Cunningham; ) | |
| Tony Ford; Readona Galligher; Bill Giesler; ) | |
| Sandra Merritt; David Swad; Trisha Thaxton; ) | |
| Jeff Valentine, ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Thom Marrett (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names numerous members of the Holy Communion Lutheran Church (HCLC) in Spartanburg, SC as Defendants. Plaintiff vaguely claims, without elaborating, that his civil rights have been violated by Defendants, but cites numerous violations of HCLC's "constitution" and bylaws. Plaintiff seeks monetary damages. The complaint should be dismissed for lack of jurisdiction.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v.*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton* at 32-33. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to include claims that were never presented,

2

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

Plaintiff's claim consists of a list of infractions committed by fellow church members against the constitution and bylaws of the church. Sometimes Plaintiff elaborates sufficiently to follow the gist of his accusation,[2] but primarily he simply lists sections of the Church constitution that he believes were violated. His monetary request for relief is variable according to the Defendant, and ranges from $60,000 to $140,000 per Defendant. Plaintiff's complaint does not present any facts relating to alleged civil rights violations, and does not allege that Defendants have acted under color of state law.

## Discussion

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999)(citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160

---

[2] For example, Plaintiff complains Defendants violated the HCLC Constitution Chapter 12.04.e which exhorts members "To be examples individually and corporately of the style of life expected of all baptized persons." Complaint at 3.

3

U.S. 337, 327 (1895)).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking* at 352;  see also Fed.R.Civ.P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

A plaintiff must allege the facts essential to show jurisdiction in the pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)).  *See also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985)("[P]laintiffs must affirmatively plead the jurisdiction of the federal court.").  To this end, Fed.R.Civ.P. 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]"  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded."  *Pinkley, Inc.* at 399.

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir. 1999).  If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction.  *Id*.

The complaint provides no basis for either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

As there are no claims presented in the complaint that relate to civil rights or violations of such rights, there are no claims that pose any federal question; thus, they

cannot serve as the basis for federal jurisdiction.

It is impossible to discern whether Plaintiff is attempting to set forth causes of action based in state law; if so, this Court would not have jurisdiction to hear them.  Federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction."  *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998).  Since Plaintiff has asserted no federal claims, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state claims, if any.  *See Lovern* at 655 ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

A civil action for any state claims would be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied.  *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992).  The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).  *See* 28 U.S.C. § 1332(a).

Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side.  *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978).  Plaintiff identifies Defendants as South Carolina residents, like himself.  While the amount in controversy well exceeds the jurisdictional minimum,[3] this Court has no diversity jurisdiction of the case *sub judice* because Plaintiff and Defendants are all citizens of the State of South Carolina.  As Plaintiff

---

[3] Plaintiff demands in excess of $75,000.00 for all Plaintiffs but one; Plaintiff demands only $60,000.00 of Delaine Childress.  Complaint at 5.  However, this is a moot point, as the diversity statute's other requirements are not met.

5

has not presented this Court with a basis for subject matter jurisdiction, his complaint should be dismissed.

Additionally, even if the Court had jurisdiction to hear this case, Plaintiff has failed to state a claim against these Defendants under 42 U.S.C. § 1983, as there is no allegation that Defendants have acted under color of state law. In order to state a cause of action under § 1983, a plaintiff must allege that: 1) the defendant(s) deprived him of a federal right, and 2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640; *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50; *See also Hall v. Quillen*, 631 f.2d 1154, 1155-1156 (4th Cir. 1980).

The district court in *Hall v. Quillen* had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Fourth Circuit Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall v. Quillen* at 1155 (internal citations omitted).

Although a private individual or corporation can act under color of state law, his, her or its actions must occur where the private individual is "a willful participant in joint action with the State or its agents." *Dennis v. Sparks,* 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington parking Authority*, 365 U.S. 715, 721 (1961).

6

Plaintiff has alleged no facts that suggest the actions of the Defendant church members were anything other than purely private conduct. As Plaintiff has failed to allege state action, he has failed to state a claim for violation of civil rights under § 1983.

### **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), and *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
U.S. Magistrate Judge

January 3, 2008.
Greenville, SC

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).