UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Thom Marett, III, | ) | C/A No.: 7:07-cv-4018-GRA-BHH |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| David Ades; Gene Baker; Carla Ballou; | ) | |
| Delaine Childress; Caroline | ) | |
| Cunningham; Tony Ford; Readona | ) | |
| Gallagher; Bill Giesler; Sandra Merritt; | ) | |
| David Swad; Trisha Thaxton; and | ) | |
| Jeff Valentine, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed January 3, 2008.

**Background**

The original Complaint was filed December 14, 2007. The magistrate's Report and Recommendation recommends dismissing the complaint for lack of jurisdiction. On January 23, 2008, the plaintiff filed a Motion to Amend the Complaint. The plaintiff did not file objections to the Report and Recommendation. On April 10, 2008, this Court issued an Order requiring Plaintiff to submit a proposed amended complaint. The Order gave Plaintiff fourteen (14) days to submit a proposed amended complaint. On May 19, 2008, the Clerk of Court received a telephone call from

Plaintiff stating that he did not receive this Court's Order until May 16, 2008. Therefore, the Court granted Plaintiff an extension to comply with its April 10, 2008 Order.  Plaintiff had until May 30, 2008 to submit his proposed amended complaint to the Court.  On June 3, 2008, Plaintiff filed a Motion to Stay the case "for the just purpose of proper time elapse to administrative remedy action against Congregation Council, Holy Communion Lutheran Church, and by Synod Council, SC Evangelical Lutheran Church . . . ."  (Motion to Stay 1.)  The Court will now rule on the magistrate's Report and Recommendation and the two pending motions.

## Standard of Review

Plaintiff brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a pro se litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id.*  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).  Plaintiff did not file objections to the Report and Recommendation.

## Discussion

The Court finds that the Motion to Stay and Motion to Amend should be denied and that the Complaint should be dismissed without prejudice and without issuance and service of process.  The magistrate correctly determined that the Complaint fails to allege a basis for either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

The plaintiff did not file objections to the Report and Recommendation; instead, he filed a Motion to Amend the Complaint but failed to indicate how he intended to amend his Complaint.  To date, Plaintiff has not submitted a proposed amendment to his Complaint, even after the Court extended his time for filing it.  Now, Plaintiff requests that the Court stay the pending action until he has exhausted his administrative remedies.  The Court finds that such action is unnecessary, as Plaintiff has failed to establish the Court's jurisdiction over this matter.  Therefore, the Court denies the Motion to Amend the Complaint and the Motion to Stay and dismisses the Complaint without prejudice.

**Conclusion**

After a thorough review of the Motion to Amend, the Motion to Stay, and the magistrate's Report and Recommendation, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED that Plaintiff's Complaint is DISMISSED without prejudice and without issuance and service of process.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend and Motion to Stay are DENIED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
June ___5___, 2008

**NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**